■ In the Matter of Miron Building Products Company, Inc., Appellant, against Bitrel Painting Corporation, Respondent.— Appeal by petitioner from an order of the Supreme Court at Special Term entered in Ulster County on July 27, 1959, which denied petitioner's application to discharge of record a notice of mechanic's lien and for discharge of the sureties thereon. On April 17, 1957, the respondent Bitrel Painting Corporation, filed a notice of mechanic's lien against property owned by Bryan Construction, Inc., in Ulster County. On July 3, 1957, the mechanic's lien was discharged by order of the County Court of Ulster County upon the execution and filing of an undertaking in the amount of $6,500. The undertaking was executed by Bryan Construction, Inc., as principal and Globe Indemnity Company as surety. On August 28, 1957 an action was commenced by the respondent against Bryan Construction, Inc., by the personal service of a summons. On September 12, 1957 a notice of appearance on behalf of the defendant Bryan Construction, Inc., was served by Arthur B. Ewig, Esq., its then attorney. The complaint in this action alleging a cause of action for the foreclosure of the mechanic's lien above mentioned, was not served until August, 1958, and was returned by the present attorneys of record who were substituted on August 3, 1958 as attorneys for Bryan Construction, Inc. Petitioner sought an order discharging the lien and the bond because of the alleged failure to commence an action to foreclose the lien within one year after the notice of lien was filed, pursuant to the Lien Law. Of course the summons above mentioned was served within one year of the date of the filing of the notice of lien, but appellants contend that service of such a summons is not the commencement of an action to foreclose the lien. Appellant was not a party to the action nor was it a party to the bond substituted for the lien. It is not at all clear what standing appellant has in court in this proceeding. Although appellant signed an indemnification agreement with the Globe Indemnity Company it is not a party to the action which it now claims cannot be considered an action to foreclose a mechanic's lien and neither party in that action raises such a question. In any event, it is clear that the attorney for the plaintiff in the action commenced by the service of the summons against Bryan Construction, Inc., and the then attorney for the defendant Bryan Construction, Inc., treated the service of this summons

as the commencement of an action to foreclose the lien, and had an understanding that the complaint could be served in the future if necessary. It is the allegations of the complaint which determine the nature of the action, and it is now clear that the action commenced by the service of a summons on August 28, 1957 was brought to foreclose this mechanic's lien. Under all the circumstances the court below properly denied the motion to discharge the lien. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.